IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KAREN MCBRIDE and PAUL MCBRIDE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-614 |
| ) | |
| REV RECREATION GROUP, INC. ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF REMOVAL**

To:   The Honorable Judges of the United States District Court
for the Western District of Wisconsin
United States Courthouse
120 N. Henry St., Rm. 320
Madison, WI 53703

Terrence M. Polich – Counsel for Plaintiffs
Lawton & Cates, S.C.
345 West Washington Avenue, Suite 201
Madison, Wisconsin 53703

Defendant, REV RECREATION GROUP, INC. ("REV"), by its attorney, John P. Arranz of SWANSON, MARTIN, & BELL, LLP, hereby gives Notice of Removal of this action to the United States District Court for the Western District of Wisconsin, and in support thereof, states as follows:

1. On August 23, 2021, Plaintiffs filed a Summons and Complaint against REV in the Circuit Court of Dane County, Wisconsin under case number 2021-CV002039. A copy of the Summons and Complaint is attached hereto as Exhibit 1. The Complaint alleges six claims: (1) common law breach of contract; (2) a violation of the Wisconsin Lemon Law, Wisc. Stat. § 218.0171; (3) a violation of the federal Magnuson-Moss Warranty Act, codified at 15 U.S.C. §

§ 2301-2310; (4) two separate claims breach of express warranty under the UCC; and (5) a UCC claim for breach of implied warranty.

2. REV received a copy of the Summons and Complaint on September 1, 2021.

3. Removal of this case is proper under 28 U.S.C. §1441, as this District Court has federal question and diversity jurisdiction over this matter. Accordingly, REV hereby exercises its rights under 28 U.S.C. §1441 by removing this action from the Circuit Court of Dane County, Wisconsin to the United States District Court for the Western District Court of Wisconsin.

### The District Court Possesses Federal Question Jurisdiction

4. The District Court possesses federal question jurisdiction over this action under 28 U.S.C. §1331 because: (a) the Third Claim of the Complaint arises under 15 U.S.C. § 2310(d), which is a federal statute; and (b) the amount in controversy exceeds the statutory minimum of $50,000.00 as required by 15 U.S.C. § 2310(d)(3)(B) of the Magnuson-Moss Warranty Act ("Act").

5. The amount in controversy exceeds $50,000 for the following reasons:

- The product at issue is a 2019 Admiral Holiday Rambler 28A motor home that was purchased by Plaintiffs at Collier RV in Rockford, Illinois on November 6, 2019 for $84,380. *See* copy of the Sales Contract executed by Plaintiffs attached hereto as Exhibit 2.

- Plaintiffs allege that REV breached the terms of the written warranty that was provided with the motor home by failing to repair "substantial defects" allegedly covered by the warranty  (Exh. 1, ¶¶ 10-13, 31).

- The Complaint seeks a refund of the purchase price, as well as "costs of repair, loss of income, costs of obtaining alternative transportation, attorney fees, court costs and other losses." (Exh. 1).

6. Consequently, while the Complaint's prayer for relief does not request a specific amount in damages from REV, it does seek a refund of the entire $84,380 purchase price, thereby exceeding the $50,000 threshold necessary to reach the minimum amount in controversy requirement provided in 15 U.S.C. § 2310(d)(3)(B).

7. Therefore, the District Court has original jurisdiction over this case pursuant to 28 U.S.C. §1331 on the basis that there is a federal question and the amount in controversy exceeds $50,000.

## The District Court Possesses Diversity Jurisdiction

8. The District Court also possesses diversity jurisdiction over this action under 28 U.S.C. §1332 because: (1) Plaintiffs are citizens of the State of Wisconsin (Compl., Exh. 1, ¶1); and (2) REV is incorporated in the state of Delaware with its principal place of business in Decatur, Indiana.  *See* Affidavit of Steve Heim, REV's Director of Customer and Product Support, attached hereto as Exhibit 3.

9. Further, and for the same reasons set forth in paragraph 5 above, the amount in controversy exceeds $75,000.

10. Moreover, as the Magnuson-Moss Warranty Act authorizes an award of attorneys' fees to a prevailing plaintiff, Plaintiffs' attorneys' fees can be included in the amount in controversy for purposes of diversity jurisdiction.  *See West Bend Elevator, Inc. v. Rhone-Poulenc, S.A.*, 140 F. Supp. 2d 963, 969 (E.D. Wisc. 2000) (holding that, where a litigant has a right based on contract, statute or other legal authority to an award of attorneys' fees if he

3

prevails in the litigation, a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied).

11. Thus, while the Complaint's prayer for relief does not request a specific damages amount from REV, it is reasonably probable that the amount in controversy exceeds $75,000, especially considering that the Complaint seeks a refund of the $84,380 purchase price.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Dane County Circuit Court, 215 S Hamilton St, Madison, WI 53703, and served upon Plaintiffs' counsel, Terrence M. Polich, Lawton & Cates, S.C., 345 West Washington Avenue, Suite 201, Madison, Wisconsin 53703.

13. This Notice of Removal was timely filed within thirty days of service of the Summons and Complaint upon REV, as required by 28 U.S.C. § 1446(b).

Respectfully submitted,

**REV RECREATION GROUP, INC.**

By:  s/ John P. Arranz
Wisconsin Attorney No. 1046101
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
Fax: (312) 321-0990
jarranz@smbtrials.com